IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVEREST STABLES, INC.,** : | CIVIL ACTION NO. 1:14-CV-1631 |
| Plaintiff : | (Chief Judge Conner) |
| v. : | |
| **MICHAEL JESTER, PENN RIDGE** : | |
| **FARMS, LLC, and THOMAS REIGLE,** : | |
| Defendants : | |

## ORDER

AND NOW, this 31st day of August, 2016, upon consideration of the court's order (Doc. 62) dated July 7, 2016, wherein the court granted defendants' motion (Doc. 47) *in limine* and excluded from admission at trial testimony by Jeffrey Nielsen ("Nielsen"), owner of plaintiff Everest Stables, Inc. ("Everest"), relating to damages from defendants' alleged negligent failure to ensure that certain veterinary services were performed on a mare, Danzig's Fashion, belonging to Everest, on the grounds that Everest's negligence claim requires expert testimony and Nielsen is not a veterinary expert, and following a pretrial conference held on August 17, 2016, during which the court and the parties discussed the continued viability of Everest's negligence claim, to wit:  whether Nielsen may give testimony as to the factual circumstances surrounding the medical condition of Danzig's Fashion, even though the court precluded Nielsen from giving opinion testimony as to the capability of Danzig's Fashion to successfully breed in its prior order (Doc. 62) granting defendants' motion *in limine*, and it appearing that Everest seeks to establish its negligence claim based exclusively on testimony from Nielsen, and that

defendants oppose the introduction of any such testimony by Nielsen because Everest cannot prove its negligence claim without expert testimony, and it further appearing that under Pennsylvania law, plaintiff must demonstrate a causal connection between conduct of defendant and an alleged injury in order to prove negligence, see City of Phila. v. Beretta U.S.A. Corp., 277 F.3d 415, 422 n.9 (3d Cir. 2002) (citing Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998)), and that causation requires a showing of "proximate cause" as well as "but for" causation, the latter of which requires proof that injury would not have occurred but for negligent conduct of defendant, see Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 851 (3d Cir. 1995); Robertson v. Allied Signal, Inc., 914 F.2d 360, 366 (3d Cir. 1990), and the court finding that, without expert testimony regarding Danzig's Fashion's capacity to reproduce, Everest cannot state, *ipse dixit*, that but for defendants' conduct, Danzig's Fashion would have produced a foal, and further finding that Everest's negligence claim is subject to dismissal for lack of evidence, it is hereby ORDERED that:

1. Nielsen shall not provide factual testimony at trial relating to Danzig's Fashion's medical condition.

2. Count V of Everest's amended complaint (Doc. 37) is dismissed.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania