IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVEREST STABLES, INC.,** | : | CIVIL ACTION NO. 1:14-CV-1631 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL JESTER, PENN RIDGE FARMS, LLC, and THOMAS REIGLE,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of September, 2016, upon consideration of the letter briefs (Docs. 75-77) submitted by the parties in response to the court's order (Doc. 70) dated August 17, 2016, directing the parties to produce relevant evidence regarding the claims of plaintiff Everest Stables, Inc. ("Everest"), concerning diminution of value of the stallion Petionville and Petionville's lost stud service contracts, wherein Everest contends that Jeffery Nielsen ("Nielsen"), owner of Everest, will present expert testimony in support of the diminution in value claim and that Nielsen provided deposition testimony to substantiate the claim of lost stud service contracts, (see Doc. 75 at 1-3, 5-6), and wherein defendants respond that Nielsen is not an expert, that he was not timely disclosed as an appropriate expert, and that Nielsen conceded to a lack of evidence to support his claim for lost stud service contracts, (see Doc. 76 at 3-5; Doc. 77 at 1-2, 3-4), and it appearing that Federal Rule of Civil Procedure 26 requires pretrial disclosure of all witnesses a party may use at trial, and further requires a written report for expert witnesses retained or specially employed to give expert testimony, or, if a written report is not

required, disclosure of the subject matter, facts, and opinions to which the expert witness will testify, FED. R. CIV. P. 26(a)(2)(A)-(C), and the court observing that the standard as set forth by the Third Circuit Court of Appeals for expert testimony under Federal Rule of Evidence 702 requires the court to consider qualification, reliability, and fit of the proffered witness, FED. R. EVID. 702; see Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003), and the court finding that Everest is not compelled to submit an expert report for Nielsen because he is not retained or specially employed by Everest, and therefore Everest is bound only by the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(C), FED. R. CIV. P. 26(a)(2)(C), and the court further finding that Nielsen has sufficient background in the thoroughbred industry, (Doc. 75 at 6, Ex. B at 6-9), to be qualified as an expert witness, see In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994), ample experience, (Doc. 75 at 6, Ex. B at 8-10, 15-17), to be reliable as an expert witness, see Schneider, 320 F.3d at 406, and an opinion that is fit for expert testimony, as it will assist the jury with deciding the case, see In re Paoli, 35 F.3d at 742-43, and the court observing that, while Nielsen is not listed as a non-retained expert in Everest's pretrial memorandum, (Doc. 66), Everest did disclose damages for the diminution in value claim in its interrogatory responses, (Doc. 75 at 5, Ex. D at 4; Doc. 76 at 2), and defendants did explore Nielsen's opinion regarding diminution of value with him during his deposition, (Doc. 76 at 3-4; Doc. 77 at 3-4), such that defendants were presented with a "summary of the facts and opinions to which the witness is expected to testify," FED. R. CIV. P. 26(a)(2)(C), and the court concluding that allowing Nielsen to testify will not prejudice defendants as

defendants have retained an expert of their own who may testify at trial to refute any evidence presented by Nielsen, (Doc. 75 at 6; Doc. 77 at 2-4, Ex. R2), and it appearing that the court should not itself weigh the evidence regarding lost stallion stud contracts to determine the truth of the matter but instead determine whether there is a triable issue of fact, see Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999), and the court recognizing that Nielsen claims to have been appraised of eight stud service contracts by Thomas Reigle, (Doc. 75 at 2), and Thomas Reigle denies this allegation, (Doc. 76 at 3 n.1), and the court finding that this creates a triable issue of fact that must be presented to the jury, it is hereby ORDERED that:

1. Nielsen may testify as an expert witness regarding Petionville's diminution in value.

2. Everest did not forfeit its claim for lost stud service contracts.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania