IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVEREST STABLES, INC.,** | : | CIVIL ACTION NO. 1:14-CV-1631 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL JESTER, PENN RIDGE** | : | |
| **FARMS, LLC, and THOMAS REIGLE,** | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 8th day of December, 2016, upon consideration of the motion (Doc. 94) filed by plaintiff Everest Stables, Inc. ("Everest") to amend the verdict entered on September 8, 2016, pursuant to Federal Rule of Civil Procedure 59(e), FED. R. CIV. P. 59(e), and the court noting that that Rule 59(e) is a device of limited utility and the relief contemplated therein should only be granted when the moving party establishes either "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Mack's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1184, 1218 (3d Cir. 1995)), and it appearing that the decision to amend a judgment rests within the sound discretion of the trial court, see Greenleaf v. Garlock, 174 F.3d 352, 363-64 (3d Cir. 1999), but that the court's power to grant such relief is limited to circumstances "where a miscarriage of justice would result if the verdict were to stand," Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 572 (3d Cir. 2002), and that such relief is to be granted "sparingly," D'Angio v. Borough of Nescopeck,

56 F. Supp. 2d 502, 504 (M.D. Pa. 1999), and that a motion to alter judgment is not "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001) (quoting F.D.I.C. v. Parkway Exec. Office Ctr., No. 96-121, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)); see also e-LYNXX Corp. v. Innerworkings, Inc., No. 1:10-CV-2535, 2014 WL 496089, at *4 (M.D. Pa. Feb. 6, 2014), and the court observing that Everest's motion presents a new argument, to wit: that the timing and sequence of the respective breaches of contract in the case *sub judice* are relevant to a finding of damages, (Doc. 95 at 6-7; Doc. 98 at 4-6), and the jury therefore ignored the court's instruction concerning mutuality of agreement[1] in a clear error of law, (Doc. 95 at 8), and the court finding that the jury instruction in question applies to factual circumstances where one party has breached the contract, and the jury clearly found that both parties had breached the contract by awarding both parties damages, (see Doc. 91), and the court concluding that Everest thus fails to satisfy the exacting standards of review articulated herein, it is hereby ORDERED that:

---

[1] Everest contends the jury ignored the following jury instruction: "If you find that the parties had a mutual agreement where each party's performance was dependent on the other's, and one party failed to perform its part, the other may treat the contract as breached, and further performance by the nonbreaching party is excused." See PA. SUGGESTED STANDARD CIV. JURY INSTRUCTIONS § 19.70 (2013).

2

1. Everest's motion (Doc. 94) to amend the jury's verdict is DENIED.

2. The jury verdict (Docs. 91-92) of September 8, 2016 is affirmed.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania